IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JEROME T. PRYOR,**

    **Plaintiff,**

v.                                                    Case No. 2:10-cv-01146

**THE STATE OF WEST VIRGINIA, and**
**MARK PLANTS, Prosecuting Attorney,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 28, 2010, Plaintiff filed a Complaint (docket # 1) against the named defendants, and applied to proceed without prepayment of fees and costs (# 4). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND OF PLAINTIFF

At the time the complaint was filed, this plaintiff was in custody at the South Central Regional Jail. According to the West Virginia Division of Corrections website, he was sentenced on October 25, 2010, upon his conviction of wanton endangerment involving a firearm, and is presently in custody at the Anthony

Correctional Center.[1]

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's statement of his claim reads as follows:

> Mark Plants stated in a Gazette newspaper article that he wasn't going to further prosecute a former state trooper of rape due to a discovery of contradiction in alleged victim statements which there were a simularity in I and the former state trooper cases which mark Plants further pursued in prosecution in my case, knowing of the listed contradictions in the alleged victims testimonies given at trial.  Mark Plants has showed favoritism to the former state trooper but treated me unfairly.  The State severely lacked the credible evidence required to obtain a conviction but still furthered prosecuted me which wasn't fair.  The State has formulated a preconceived opinion against me due to my prior criminal history which my criminal background shouldn't form a bias opinion of guilt.  What Mark Plants has done is considered a civil violation of discrimination.

(Complaint, # 1, at 4-5.)  Plaintiff's request for relief seeks $1,000,000 in "monetary damages, mental anguish damages, pain and suffering, punitive damages and annoyance and inconviences."  Id. at 5.)

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs).  Pursuant to § 1915A(b), the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

---

[1] http://www.wvdoc/OffenderSearch/tabid/117/Default.aspx (December 16, 2010).

from such relief. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007). While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 1964-65. <u>Pro se</u> complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

## **ANALYSIS**

The undersigned has interpreted Plaintiff's complaint as alleging that Plaintiff's federal constitutional rights were violated in the course of his prosecution. Because Plaintiff is asserting that he is entitled to money damages because he was wrongfully convicted and held in custody, such an allegation fails to state a claim upon which relief can be granted. Unless and until a plaintiff proves that his conviction or sentence has been

3

reversed on direct appeal, expunged by executive order, or declared invalid, he cannot bring an action for violation of his civil rights based on that prosecution.  See Heck v. Humphrey, 512 U.S. 477 (1994)(§ 1983 plaintiff must prove that conviction or sentence has been reversed, expunged, or declared invalid in order to recover damages for unconstitutional imprisonment).  Plaintiff has not met this threshold standard.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Application to Proceed without prepayment of costs and fees (# 4) and **DISMISS** this civil action with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver, and this Magistrate Judge.

　　　　The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

　December 17, 2010　　　　　　　　　　　　　　　　Mary E. Stanley
　　　　Date　　　　　　　　　　　　　　　　　　　　Mary E. Stanley
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge